UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-MC-24326-LEIBOWITZ/AUGUSTIN-BIRCH

IN RE *EX PARTE* APPLICATION OF
ADELE ZARZUR,

    Petitioner.
_____/

## OMNIBUS ORDER ON JOINT MOTION, MOTION FOR ENTRY OF PROPOSED CONFIDENTIALITY ORDER, AND MOTION TO COMPEL

This cause comes before the Court on three Motions that Petitioner Adele Zarzur and Respondents Hospital Realty LLC, South Florida Preventative Care Initiative, Inc., Riz Holdings LLC, Rise Business Administration Florida, Inc., and Rise Riviera Beach Corp. (collectively, "Discovery Targets") have fully briefed: (1) a Joint Motion for Entry of an Order Memorializing the Agreement of Petitioner and Discovery Targets Related to Costs of Production Pursuant to this Court's Orders [DE 62]; (2) Discovery Targets' Motion for Entry of Proposed Confidentiality Order [DE 64]; and (3) Petitioner's Motion to Compel Production of Documents Responsive to Subpoenas Duces Tecum Issued Pursuant to 28 U.S.C. § 1782 [DE 50]. The Court has carefully reviewed the briefing and the record and is otherwise fully advised in the premises. For the following reasons, the Joint Motion [DE 62] is **GRANTED**, the Motion for Entry of Proposed Confidentiality Order [DE 64] is **GRANTED IN PART AND DENIED IN PART**, and the Motion to Compel [DE 50] is **GRANTED IN PART AND DENIED IN PART**. The Court addresses each Motion in turn.

> **I.** **The Parties' Joint Motion for Entry of an Order Memorializing the Agreement of Petitioner and Discovery Targets Related to Costs of Production Pursuant to this Court's Orders**

The parties' Joint Motion is filed at docket entry 62. As relevant background to the Joint Motion, the Court previously authorized Petitioner to subpoena various entities, subject to Petitioner paying the subpoenaed entities' costs of production. DE 26 at 9 ("To reduce the burden on the subpoenaed entities, Petitioner has volunteered to pay their costs of production. Accordingly, Petitioner must pay the subpoenaed entities' costs of production." (citations and footnote omitted)). The Court later required Petitioner and Discovery Targets to confer about the amount that Petitioner will pay Discovery Targets as their costs of production. DE 56 at 2. In the instant Joint Motion, Petitioner and Discovery Targets state that they have reached an agreement on that issue, and they ask for entry of an Order memorializing their agreement. Accordingly, the Joint Motion for Entry of an Order Memorializing the Agreement of Petitioner and Discovery Targets Related to Costs of Production Pursuant to this Court's Orders [DE 62] is **GRANTED**. The parties' agreement regarding the payment of discovery costs by Petitioner to Discovery Targets is hereby **APPROVED** as follows:

A. Discovery Targets agree that $15,000 represents the total costs related to Discovery Targets' production of documents responsive to Petitioner's subpoenas.

B. Petitioner agrees to pay $15,000 to Discovery Targets, which amount is inclusive of all attorney's fees and costs incurred by Discovery Targets as a result of the production.

C. Petitioner agrees to pay the full amount of $15,000 to counsel for Discovery Targets upon receipt of the production. In the event the production is a "rolling production," Petitioner agrees to pay the $15,000 upon completion of the "rolling production."

## II. Discovery Targets' Motion for Entry of Proposed Confidentiality Order

Discovery Targets' Motion for Entry of Proposed Confidentiality Order is briefed at docket entries 64, 65, and 66. Discovery Targets filed a copy of their proposed Protective and Confidentiality Order Governing Discovery at docket entry 64-1, and Petitioner filed a copy of her proposed Confidentiality Order Governing Discovery at docket entry 65-1.

The parties have largely agreed upon the content of a Confidentiality Order Governing Discovery. But the parties dispute whether that Order should also contain a protective order.[1] Discovery Targets request a protective order that would limit the use of the subpoenaed documents to this proceeding and to certain proceedings in Brazil. *See* DE 64-1 at 2 ("Confidential Material shall be held, used or disclosed by the Parties in this case solely in connection with these Section 1782 Proceedings or the proceedings in Brazil identified in Petitioner's Application . . . ."). Petitioner opposes such a protective order.

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking entry of a protective order bears the burden of establishing good cause. *Stansell v. Revolutionary Armed Forces of Colom.*, 120 F.4th 754, 766 (11th Cir. 2024). "'Good cause' is a well established legal phrase." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). "Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *Id.* "Good cause usually requires a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Stansell*, 120 F.4th at 766.

---

[1] The parties' proposed Orders also contain what the Court considers to be minor differences in wording. The Court has carefully compared the proposed Orders and enters the attached Confidentiality Order Governing Discovery, which contains the wording that the Court deems appropriate.

3

The Court authorized Petitioner to subpoena Discovery Targets under 28 U.S.C. § 1782. DE 26.  Under § 1782, a district court may authorize service of a subpoena "to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The language of § 1782 does not limit use of the subpoenaed documents only to the foreign proceeding, nor does the language provide that the subpoenaed documents may be used for legal purposes other than the foreign proceeding.  *Glock v. Glock*, 797 F.3d 1002, 1006–07 (11th Cir. 2015).  The general rule in United States litigation is that, "to help prosecute or defend their lawsuits, parties may use any evidence they lawfully possess." *Id.* at 1007 ("If, for example, a plaintiff obtains documents in discovery from a defendant in one case, nothing precludes her from using that evidence in a wholly separate lawsuit against the same defendant or a different party, even though she would not have had those documents to use in the second case had she not lawfully received them as discovery in the first case.  The law does not require her to rediscover the documents in the second case.").  But a party, for good cause, may "ask the § 1782 court to enter a protective order prohibiting use, in United States proceedings, of documents obtained under the statute," and the "judge can then decide whether, under the particular circumstances of the case, she believes the entry of such an order to be appropriate." *Id.* at 1009.

Discovery Targets have not established good cause for a protective order, and the Court does not consider a protective order to be appropriate under the circumstances of this case. Discovery Targets seek a protective order because they desire to limit how the subpoenaed documents may be used against them and their owners.  If that reason were a basis for a protective order, it could provide cause for entry of a protective order in every or virtually every lawsuit.  The Court does not believe that reason to be the "particular and specific demonstration" of need that

4

establishes good cause for a protective order.  *See* Fed. R. Civ. P. 26(c)(1); *Stansell*, 120 F.4th at 766; *In re Alexander Grant & Co. Litig.*, 820 F.2d at 356.

Discovery Targets also suggest that Petitioner's application under § 1782 to serve the subpoenas was a ruse to obtain evidence to enable her to sue them and their owners in the United States, rather than to obtain evidence to use in proceedings in Brazil.  The Court sees no support for this suggestion and views it as speculation that does not establish good cause for a protective order.

Additionally, in *Glock*, the Eleventh Circuit identified two potential pitfalls of a protective order that permits produced documents to be used only in a specific case.  First, the district court may then be burdened with resolving disputes over whether produced documents were "used" for any purpose in other litigation.  *Glock*, 797 F.3d at 1009–10 ("[T]he party alleged to have used the evidence obtained under § 1782 would have to prove that none of its evidence could be traced back to the § 1782 evidence.  Courts are busy enough without having to engage in such undertakings on a regular basis."); *see also id.* at 1007 (listing various ways in which a "party may *use* evidence," including "to develop a theory of the case, to prepare a complaint, to lead it to admissible evidence, to help it to settle a case, and to accomplish other aspects of prosecuting or defending a case").  Second, prohibiting the use of evidence obtained under § 1782 in other litigation "would create a perverse incentive for a party responding to a § 1782 order to flood the applicant with evidence in an effort to insulate itself from United States litigation by precluding the requesting party's ability to use any of the evidence obtained in any future United States litigation." *Id.* at 1010.

Due to Discovery Targets' failure to establish good cause for a protective order and given the potential pitfalls of such an order, Discovery Targets' request for a protective order is **DENIED**.  Discovery Targets' Motion for Entry of Proposed Confidentiality Order [DE 64] is

**GRANTED IN PART AND DENIED IN PART**. The Court enters the Confidentiality Order Governing Discovery attached to this Order. Petitioner and Discovery Targets must comply with the Confidentiality Order Governing Discovery. The Confidentiality Order Governing Discovery does not bind subpoenaed entities other than Discovery Targets.[2]

### III. Petitioner's Motion to Compel Production of Documents Responsive to Subpoenas Duces Tecum Issued Pursuant to 28 U.S.C. § 1782

Petitioner's Motion to Compel is briefed at docket entries 50, 52, and 53. Based on the briefing, two issues were delaying Discovery Targets' production of the subpoenaed documents: the lack of a confidentiality order and the lack of an agreement on the amount that Petitioner would pay Discovery Targets for their costs of production. The Court previously ordered additional conferral and briefing on those two issues, *see* DE 56, and has resolved both issues in this Order. To the extent Discovery Targets objected to production based on the purported confidentiality of the subpoenaed documents, that objection is overruled. *See Kaye v. Fountaine Pajot, S.A.*, No. 07-61284-CIV, 2008 WL 11422469, at *3 n.4 (S.D. Fla. Jan. 7, 2008) (noting that "it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery" (quotation marks omitted)).

With those matters resolved, Petitioner's Motion to Compel Production of Documents Responsive to Subpoenas Duces Tecum Issued Pursuant to 28 U.S.C. § 1782 [DE 50] is **GRANTED IN PART AND DENIED IN PART**. Unless the parties reach an alternative, mutual agreement about the production timeframe, **within 10 days of the date of this Order**, Discovery Targets must produce to Petitioner responsive documents that are within their possession, custody,

---

[2] In addition to subpoenaing Discovery Targets, the Court also authorized Petitioner to subpoena Tecon LLC, WZ Holding LLC, and JPMorgan Private Bank. DE 26 at 11. Those three entities did not file briefs on the Motion for Entry of Proposed Confidentiality Order and, to the Court's knowledge, did not play a role in negotiating the Confidentiality Order Governing Discovery.

or control. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) (permitting a subpoena to command the subpoenaed party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control"). The Motion to Compel is **DENIED** only insofar as Petitioner sought an order to have $16,000 held in escrow—a request that the parties have mooted by reaching the agreement memorialized above about payment of Discovery Targets' costs of production.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 2nd day of May, 2025.

                                                                                PANAYOTTA AUGUSTIN-BIRCH
                                                                                UNITED STATES MAGISTRATE JUDGE